Law Office of Z. Tan PLLC
Bingchen Li (BL4750)
110 E. 59th Street, Suite 3200
New York, New York 10022
Telephone: (212) 539-6188
Facsimile: (718) 679-9122
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
HOK CHIN, HAO LI, FILADELFO
HERRERA, AIQING LI, and JIANBO LI,
*individually and on behalf of others similarly*
*situated,*

      *Plaintiffs*,

      -against-

UNITED RESTAURANT GROUP, INC.,
KIN ASIAN BISTRO INC.
      d/b/a CARMA EAST,
BADA GARDEN, LLC
      d/b/a LUMOS WEST
      d/b/a CARMA ASIAN TAPAS
DUMPLING 2 AVENUE, INC.
      d/b/a LUMOS KITCHEN
      d/b/a HOT POT CENTRAL,
QIFAN, LLC
      d/b/a LUMOS,
DUMPLING 516 HUDSON NY, INC.
      d/b/a BENEDICTS,
R & M CENTURY INC.
      d/b/a SHANGHAI CUISINE,
EL SOTANO OF BROOKLYN, CORP.
      d/b/a THE GENTRY,
CHRISTIAN A. VEGA,
SERGEI BEZRUKOV,
CHRISTINA CHERNIAWSKY,
QIFAN LI,
and CHEN WEN HO a/k/a JONATHAN HO,

      *Defendants*.
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

1

Plaintiffs HOK CHIN, HAO LI, FILADELFO HERRERA, AIQING LI, and JIANBO LI, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Law Office of Z. Tan PLLC, upon their knowledge and belief, and as against UNITED RESTAURANT GROUP, INC., KIN ASIAN BISTRO INC. d/b/a CARMA EAST, BADA GARDEN, LLC d/b/a LUMOS WEST d/b/a CARMA ASIAN TAPAS, DUMPLING 2 AVENUE, INC. d/b/a LUMOS KITCHEN d/b/a HOT POT CENTRAL, QIFAN, LLC d/b/a LUMOS, DUMPLING 516 HUDSON NY, INC. d/b/a BENEDICTS, R & M CENTURY INC. d/b/a SHANGHAI CUISINE, EL SOTANO OF BROOKLYN, CORP. d/b/a THE GENTRY (collectively "Corporate Defendants"), CHRISTIAN A. VEGA, SERGEI BEZRUKOV, CHRISTINA CHERNIAWSKY, QIFAN LI, and CHEN WEN HO a/k/a JONATHAN HO (collectively "Individual Defendants"), (collectively, "Defendants"), allege as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiffs are former employees of Defendants.

2.      Defendants jointly and collectively, own, operate, or control a series of related restaurants in the New York County and Kings County of the State of New York.

3.      Upon information and belief, individual Defendants, jointly and severely, serve or served as owners, managers, principals, or agents of Corporate Defendants and, through Corporate Defendants, operate or operated all restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed at Corporate Defendants at all relevant times.

5.      Plaintiffs were employed as corporate chef, pastry preparer, line cook, and book keeper.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hour's

compensation for the hours that they worked.

7.      Defendants fail to pay wages in all weeks Plaintiffs worked and still owe all Plaintiffs wages despite Plaintiffs' repeated demands to pay.

8.      Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had a shift longer than ten (10) hours/day.

10.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

11.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.      At all times relevant to this Complaint, Defendants maintained a policy and practice of not paying Plaintiffs and all other similarly situated employees for all the hours they worked.

14.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b), including cooks, dishwashers, delivery workers, packers, wait staff, food preparers, book keepers, pastry preparer, etc.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate numerous restaurants in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

18.    Plaintiff Hok Chin ("Plaintiff Chin" or "Mr. Chin") is an adult individual residing in Bergen County, New Jersey.

19.    Plaintiff Chin was employed by United Restaurant Group, Inc. as a corporate chef, overseeing all of Defendants' restaurants' operation.

20.    Plaintiff Hao Li ("Plaintiff Hao Li" or "Ms. Hao Li") is an adult individual

residing in Hudson County, New Jersey.

21.     Plaintiff Hao Li was employed by Defendants initially as a bookkeeper and then as a do-it-all assistant from approximately May 2, 2018 until on or about August 20, 2018.

22.     Plaintiff Filadelfo Herrera ("Plaintiff Herrera" or "Mr. Herrera") is  an adult individual residing in Queens County, New York.

23.     Plaintiff Herrera was employed by Defendants from approximately January 20, 2018  until on or about August 15, 2018. Plaintiff Herrera worked as a line cook at Benedicts, Shanghai Cuisine and Lumos Kitchen.

24.     Plaintiff Jianbo Li ("Plaintiff Jianbo Li" or "Mr. Jianbo Li") is an adult individual residing in Queens County, New York.

25.     Plaintiff Jianbo Li was employed by Defendants from approximately March  1, 2014 until on or about August 29, 2018. Plaintiff Jiaobo Li worked as a cook at Shanghai Cuisine, Gentry, Lumos Kitchen, and Carma.

26.     Plaintiff Aiqing Li ("Plaintiff Aiqing Li" or "Ms. Aiqing Li") is an adult individual  residing in Queens County, New York.

27.     Plaintiff Aiqing Li was employed by Defendants from approximately September 30, 2016 until on or about August 22, 2018. Plaintiff Aiqing Li worked as a pastry preparer at Carma East and Lumos Kitchen.

*Defendants*

28.     At all relevant times, Defendants owned, operated, or controlled a series of related restaurants as follows:

        a) Dumpling 516 Hudson NY Inc. d/b/a Benedicts, located at 516 Hudson Street, New York, NY 10014;

b) Kin Asian Bistro Inc. d/b/a Carma East, located at 507 E. 6th Street, New York, NY 10009;

c) Bada Garden, LLC d/b/a Lumos West d/b/a Carma Asian Tapas, located at 38-40 Carmine Street, New York, NY 10014;

d) Qifan, LLC d/b/a Lumos, located at 90 W. Houston Street, New York, NY 10012;

e) Dumpling 2 Avenue, Inc. d/b/a Lumos Kitchen d/b/a Hot Pot Central, located at 188 2nd Avenue, New York, NY 10003;

f) R & M Century Inc. d/b/a Shanghai Cuisine, located at 89-91 Bayard Street, New York, NY 10013; and

g) El Sotano of Brooklyn, Corp. d/b/a The Gentry, located at 592 Manhattan Avenue, Brooklyn, NY 11222.

29.     Upon information and belief, United Restaurant Group, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 188 2nd Avenue, New York, NY 10003.

30.     Upon information and belief, Dumpling 516 Hudson NY Inc. d/b/a Benedicts is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 516 Hudson Street, New York, NY 10014.

31.     Upon information and belief, Kin Asian Bistro Inc. d/b/a Carma East is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 507 E. 6th Street, New York, NY 10009.

32.     Upon information and belief, Bada Garden, LLC d/b/a Lumos West d/b/a Carma Asian Tapas is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 38-40 Carmine Street, New York, NY 10014.

33.     Upon information and belief, Qifan, LLC d/b/a Lumos is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 90 W. Houston Street, New York, NY 10012.

34.     Upon information and belief, Dumpling 2 Avenue, Inc. d/b/a Lumos Kitchen d/b/a Hot Pot Centralis a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 188 2nd Avenue, New York, NY 10003.

35.     Upon information and belief, R & M Century Inc. d/b/a Shanghai Cuisine is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 89-91 Bayard Street, New York, NY 10013.

36.     Upon information and belief, El Sotano of Brooklyn, Corp. d/b/a The Gentry is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 592 Manhattan Avenue, Brooklyn, NY 11222.

37.     Defendant Christian A. Vega is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Christian A. Vega is sued individually in his capacity as owner, officer and/or agent of Corporate Defendants.

Defendant  Christian A. Vega possesses operational control over Corporate Defendants, an ownership  interest in Corporate Defendants, and controls significant functions of Corporate Defendants. He  determines the wages and compensation of the employees of Defendants, including  Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to  hire and fire employees.

38.    Defendant Christina A. Vega, who is known as the CEO, once filed a cashier "A-Ling" at Shanghai Cuisine in May 2018.

39.    Defendant Sergei Bezrukov is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sergei Bezrukov is sued  individually in his capacity as owner, officer and/or agent of Corporate Defendants. Defendant  Sergei Bezrukov is believed to be the Director of Operations of the United Restaurant Group, Inc. and possesses operational control over Corporate Defendants, an ownership  interest in Corporate Defendants, and controls significant functions of Corporate Defendants. He determines  the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to  hire and fire employees.

40.    Defendant Sergei Bezrukov, together with a manager Hao Huang, is responsible for collecting the cash receipts and paying wages and salaries in checks and cash at Shanghai Cuisine.

41.    Defendant  Christina Cherniawsky is an individual engaging (or who was engaged) in  business in this judicial district during the relevant time period. Defendant Christina Cherniawsky is  sued individually in his capacity as owner, officer and/or agent of Corporate Defendants. Defendant  Christina Cherniawsky is believed to be a Human Resources

Director of the United Restaurant Group, Inc. and possesses operational control over Corporate Defendants, an ownership interest in Corporate Defendants, and controls significant functions of Corporate Defendants. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

42.     Defendant Qifan Li is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Qifan Li is sued individually in his capacity as owner, officer and/or agent of Corporate Defendants. Defendant Qifan Li possesses operational control over Corporate Defendants, an ownership interest in Corporate Defendants, and controls significant functions of Corporate Defendants. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

43.     Defendant Qifan Li, who is known as COO, is responsible for deciding employees' wages and salaries.

44.     Defendant Chen Wen Ho a/k/a Jonathan Ho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chen Wen Ho a/k/a Jonathan Ho is sued individually in his capacity as owner, officer and/or agent of Corporate Defendants. Defendant Chen Wen Ho a/k/a Jonathan Ho possesses operational control over Corporate Defendants, an ownership interest in Corporate Defendants, and controls significant functions of Corporate Defendants. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

45.     Defendants operate a series of related restaurants located in the downtown section of Manhattan and Brooklyn in New York City.

46.     Individual Defendants, CHRISTIAN A. VEGA, SERGEI BEZRUKOV, CHRISTINA CHERNIAWSKY, QIFAN LI, and CHEN WEN HO a/k/a JONATHAN HO, possess operational control over Corporate Defendants, possess ownership interests  in Corporate Defendants, and control significant functions of Corporate Defendants.

47.     Defendants are associated and joint employers, act in the interest of each other with  respect to employees, pay employees by the same method, and share control over the employees.

48.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the  employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

49.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are  Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et  seq.* and the NYLL.

50.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

51.     Upon information and belief, Individual Defendants CHRISTIAN A. VEGA, SERGEI BEZRUKOV, CHRISTINA CHERNIAWSKY, QIFAN LI, and CHEN WEN HO a/k/a JONATHAN HO operate Corporate Defendants as either an alter ego of  themselves and/or

failed to operate Corporate Defendants as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Corporate Defendants as a Corporation,

b) defectively forming or maintaining the corporate entity of Corporate Defendants, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Corporate Defendants for their own benefit as the sole or majority shareholders,

e) operating Corporate Defendants for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Corporate Defendants,

g) diminishing and/or transferring assets of Corporate Defendants to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

52.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

53.     Defendants regularly have partners' meetings at one of the restaurants. First, the partners' meetings were held at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003. Later on, the partners' meetings were moved to Lumos West at 38-40 Carmine Street, New York, NY

10014. The regular attendees of the partners' meetings are Defendant Christian A. Vega, Defendant Christina Cherniawsky, Defendant Qifan Li, Defendant Chen Wen Ho a/k/a Jonathan Ho, and a female by the name "Irene," who manages Shanghai Cuisine. Irene once even called in while she was travelling in China.

54.     Individual Defendants all have authority to take cash from cashbox without prior authorization from the corporation or a duty to report and to reimburse.

55.     All of Defendants' Chinese dim sum was made at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003 and was delivered to the other restaurants.

56.     In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

57.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

58.     Plaintiffs are former employees of Defendants who were employed as corporate chef, pastry preparer, line cook, and book keeper.

59.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hok Chin*

60.     Plaintiff Chin was employed by Defendants from approximately January 6, 2018 until on or about August 31, 2018.

61.     Defendants employed Plaintiff Chin as a corporate chef to oversee all of

defendants' restaurant operations.

62. On a typical working day, Plaintiff Chin travelled to almost all restaurants to check on their operations.

63. Plaintiff Chin's typical daily working hours were from 10:00am to 10:00pm, with an afternoon break at 3-5pm.

64. Typically, between 5-10pm Plaintiff Chin was at Lumos Kitchen. Sometimes, Plaintiff Chin could stay there until 10:30pm.

65. Plaintiff Chin's annual salary was $115,000.00/year and was paid bi-weekly.

66. Defendants initially paid Plaintiff Chin in personal checks. However, Defendants started paying Plaintiff Chin in checks from United Restaurant Group, Inc. since April 2018.

67. If there is a vacancy to be filled in, Plaintiff Chin would tell Individual Defendants. Upon information and belief, one of the Individual Defendants then would post a "Wanted" ad and/or make an inquiry with a Chine-Town agent.

68. Plaintiff Chin is not aware of Defendants' employees, other than wait staff, are ever required to keep track of their time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected their actual hours worked.

69. Plaintiff Chin is not aware of Defendants' giving any notification, either in the form of posted notices or other means, regarding overtime and wages under the FLSA and NYLL.

70. Plaintiff Chin is not aware of Defendants' issuing any accurate statement of wages, as required by NYLL 195(3).

71. Plaintiff Chin received his last wage payment in a check dated August 10, 2018, purported covering the employment period between July 23, 2018 and August 5, 2018.

72.     Defendants still owes Plaintiff Chin his wages from August 6 until the end of employment with Defendants.

*Plaintiff Hao Li*

73.     Plaintiff Hao Li was employed by Defendants from approximately May 2, 2018 until on or about August 20, 2018.

74.     Defendants initially employed Plaintiff Hao Li as a bookkeeper. However, soon Plaintiff Hao Li started working as a do-it-all assistant for Defendants.

75.     All of Defendants' Chinese dim sum was made at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003. Plaintiff Hao Li was required to coordinate the delivery of Chinese dim sum from 188 2nd Avenue, New York, NY 10003 to both Chinese Cuisine at 89-91 Bayard Street, New York, NY 10013 and Carma East at 507 E. 6th Street, New York, NY 10009.

76.     Plaintiff Hao Li was never able to balance the ledger because Individual Defendants always took cash from cash box randomly without informing her. When the cashbox was short of cash, on several occasions Plaintiff Hao Li had to take cash from her own pocket to pay COD for the restaurant deliveries. Defendants still owes Plaintiff Hao Li $202.97 for unreimbursed COD payments.

77.     Plaintiff Hao Li regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

78.     Plaintiff Hao Li's work duties required neither discretion nor independent judgment.

79.     Throughout his employment with Defendants, Plaintiff Hao Li regularly worked in excess of 40 hours per week.

80.    Plaintiff Hao Li's working schedule was from approximately 11:30am until 8:00pm, seven days a week (typically 59.5 hours).

81.    However, Plaintiff Hao Li typically was required to work at home for at least an additional hour on various miscellaneous restaurant matters. She got delivery phone calls from the vendors early in the morning, as early as 5am, on a regular basis. Therefore, Plaintiff Hao Li typically worked for no less than sixty-six (66) hours per week. Plaintiff Hao Li was not reimbursed or paid for these additional hours of work.

82.    Plaintiff Hao Li was never required to clock in or clock out and was paid bi-weekly in checks on a salary of $43,200.00/year. Defendants never paid Plaintiff Hao Li overtime or spread-of-hour pays.

83.    To Plaintiff Hao Li's knowledge, Defendants only require wait staff to clock in and clock out. Defendants do not utilize any time tracking device, such as punch cards, to accurately reflected her actual  hours worked.

84.    No notification, either in the form of posted notices or other means, was ever given  to Plaintiff Hao Li regarding overtime and wages under the FLSA and NYLL.

85.    Defendants did not provide Plaintiff Hao Li with an accurate statement of wages, as required  by NYLL 195(3).

86.    Defendants did  not  give any notice to Plaintiff Hao Li, in English and in Mandarin Chinese  (Plaintiff Hao Li's primary language), of her rate of pay, employer's regular pay day, and such other  information as required by NYLL §195(1).

87.    Plaintiff Hao Li's last day of employment was August 20, 2018, but she worked on several more matters after August 20, 2018 to help the transition. Plaintiff Hao Li received her last wage payment for her employment period ending on August 7, 2018.

88.     Defendants still owes Plaintiff Hao Li her wage from August 7 to August 20, the last day of her employment, and $202.97 unreimbursed advance towards COD deliveries benefiting Defendants.

*Plaintiff Filadelfo Herrera*

89.     Plaintiff Herrera was employed by Defendants as a line cook from approximately January 20, 2018 until on or about August 15, 2018.

90.     Plaintiff Herrera regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

91.     Plaintiff Herrera's work duties required neither discretion nor independent judgment.

92.     Throughout his employment with Defendants, Plaintiff Herrera regularly worked in excess of 40 hours per week.

93.     From approximately January 20, 2018 until on or about June 2018, Plaintiff Herrera worked at Benedicts at 516 Hudson Street, New York, NY 10014.

94.     Plaintiff Herrera's typical working schedule at Benedicts was from approximately 3:00pm until on or about 11:00pm daily for six days per week (typically 48 hours per week).

95.     Plaintiff Herrera was paid a fixed salary of $800/week in cash. Then since on or about April 9, 2018, he was paid by payroll checks from United Restaurant Group Inc. at 188 Second Avenue, New York, NY 10003. He recalls that Chen Wen Ho a/k/a Jonathan Ho was managing Benedicts.

96.     Plaintiff Herrera's payroll check dated May 16, 2018 was bounced, but he was never reimbursed for his bank fee.

97.    From approximately June 2018 until on or about July 2018, Plaintiff Herrera worked at Shanghai Cuisine at 89-91 Bayard Street, New York, NY 10013.

98.    It was Chen Wen Ho a/k/a Jonathan Ho who requested him to transfer from Benedicts to Shanghai Cuisine.

99.    Plaintiff Herrera was still paid a fixed salary of $800/week in checks at Shanghai Cuisine.

100.    At Shanghai Cuisine Plaintiff Herrera's working schedule was still from approximately 3:00pm until on or about 11:00pm daily for six days per week (typically 48 hours per week).

101.    From approximately July 2018 until on or about August 15, 2018, Plaintiff Herrera worked at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003.

102.    Again, it was Chen Wen Ho a/k/a Jonathan Ho who requested him to transfer from Shanghai Cuisine to Lumos Kitchen.

103.    Plaintiff Herrera was still paid a fixed salary of $800/week in checks at Lumos Kitchen.

104.    At Lumos Kitchen Plaintiff Herrera's working schedule was still from approximately 3:00pm until on or about 11:00pm daily for six days per week (typically 48 hours per week).

105.    While working at all three locations, Plaintiff Herrera's working hours often fluctuated day by day, but his pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

106.    Regardless which location he worked at, Plaintiff Herrera was never required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device

such as punch cards, that accurately reflected his actual hours worked.

107.     Regardless which location he worked at, Plaintiff Herrera was never given any notification, either in the form of posted notices or other means, regarding overtime and wages under the FLSA and NYLL.

108.     Defendants did not provide Plaintiff Herrera an accurate statement of wages, as required by NYLL 195(3).

109.     Defendants did not give any notice to Plaintiff Herrera, in English and in Spanish (Plaintiff Herrera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

110.     Defendants still owes Plaintiff Herrera his last week's wage of $800.00.

*Plaintiff Aiqing Li*

111.     Plaintiff Aiqing Li was employed as a pastry preparer by Defendants from approximately September 30, 2016 until on or about August 22, 2018.

112.     Plaintiff Aiqing Li regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

113.     Plaintiff Aiqing Li's work duties required neither discretion nor independent judgment.

114.     Throughout his employment with Defendants, Plaintiff Aiqing Li regularly worked in excess of 40 hours per week.

115.     From approximately September 30, 2016 until on or about April 2018, Plaintiff Aiqing Li worked at Carma East at 507 E. 6th Street, New York, NY 10009 since its opening.

116.     Plaintiff Aiqing Li's regular working schedule at Carma East was from approximately 11:30am until on or about 7:30pm 6 days a week with Tuesdays off (typically

48 hours per week). She only received a few minutes of meal break.

117.     At Carma East, Plaintiff Aiqing Li was paid at a fixed salary of $3,500/month, payable semi-monthly, in a combination of cash and checks (roughly $1,000 check and $2,500 cash).

118.     It was Chen Wen Ho a/k/a Jonathan Ho who hired her at Carma East. At the hiring Chen Wen Ho a/k/a Jonathan Ho told Plaintiff Aiqing Li that she would get one-week paid vacation per year. However, Plaintiff Aiqing Li has never received this one-week paid vacation.

119.     From approximately April 2018 until on or about August 22, 2018, Plaintiff Aiqing Li worked at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003.

120.     It was Chen Wen Ho a/k/a Jonathan Ho and Qifan Li who requested Plaintiff Aiqing Li to transfer from Carma East to Lumos Kitchen.

121.     Plaintiff Aiqing Li's regular working schedule at Lumos Kitchen was still from approximately 11:30am until on or about 7:30pm 6 days a week with Tuesdays or Wednesdays off (typically 48 hours per week). She only received a few minutes of meal break.

122.     At Lumos Kitchen, Plaintiff Aiqing Li was paid at a fixed salary of $1,596/bi-weekly, in a combination of cash and checks (roughly $416.00 check and $1,180.00 cash).

123.     While working at both locations, Plaintiff Aiqing Li's working hours often fluctuated day by day, but her pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

124.     During a period in summer 2017, Plaintiff Aiqing Li once worked 45 continuous days without a single day off.

125.     Regardless which location she worked at, Plaintiff Aiqing Li was never required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking

device such as punch cards, that accurately reflected her actual hours worked.

126.    Regardless which location she worked at, Plaintiff Aiqing Li was never given any notification, either in the form of posted notices or other means, regarding overtime and wages under the FLSA and NYLL.

127.    Defendants did not provide Plaintiff Aiqing Li an accurate statement of wages, as required by NYLL 195(3).

128.    Defendants did not give any notice to Plaintiff Aiqing Li, in English and in Mandarin Chinese (Plaintiff Aiqing Li's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

129.    Once Defendants failed to pay one of the employees. It was Plaintiff Aiqing Li who paid that employee from her own pocket.

130.    Defendants still owe Plaintiff Aiqing Li wages for the last two weeks in the amount of $1,596.00. In addition, Defendants owe Plaintiff Aiqing Li a payroll check of $680.00.

*Plaintiff Jianbo Li*

131.    Plaintiff Jianbo Li was employed by Defendants as a cook from approximately March 1, 2014 until on or about August 29, 2018.

132.    Plaintiff Jianbo Li regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

133.    Plaintiff Jianbo Li's work duties required neither discretion nor independent judgment.

134.    Throughout his employment with Defendants, Plaintiff Jianbo Li regularly worked in excess of 40 hours per week.

135.    From approximately March 1, 2014 until on or about March 27, 2018, Plaintiff

Jianbo Li worked at Lumos West at 38-40 Carmine Street, New York, NY 10014.

136.    Plaintiff Jianbo Li's regular working schedule at Lumos West was as follows:

a)    For the first couple of months, Plaintiff Jianbo Li's working schedule was from 5:00pm-10:00pm for six (6) days per week with Wednesdays off (typically 30 hours per week).

b)    After the first couple of months, Plaintiff Jianbo Li's working schedule was changed to 2:00pm to 10:00pm on Fridays and Saturdays and 6:00pm to 11:00pm on other working days for a total of six (6) days a week (typically 36 hours per week).

c)    After September 30, 2016 when Carma East opened, Plaintiff Jianbo Li's working schedule was increased to 11:30am to 11:00pm on Fridays and Saturdays and 11:30am to 10:00pm on other working days for a total of six (6) days a week (typically 65 hours per week) because some of his co-workers were transferred to Carma East.

137.    Plaintiff Jianbo Li received no breaks and only a few minutes meal break every working day, until March 2017 when Defendant Qifan Li ordered a one-hour afternoon break on weekdays.

138.    At Lumos West, during his first year Plaintiff Jianbo Li was paid at a fixed salary of $3,000/month, payable semi-monthly, in a combination of cash and checks.

139.    During his second year, Plaintiff Jianbo Li was paid at a fixed salary of $3,400/month, payable semi-monthly, in a combination of cash and checks.

140.    From about May 2017, Plaintiff Jianbo Li was paid at a fixed salary of $3,500/month.

141.    From approximately March 27, 2018, Plaintiff Jianbo Li worked at the Gentry for about 2-3 weeks.

142.    It was Qifan Li who requested Plaintiff Jiaobo Li to transfer from Lumos West to the Gentry.

143.    While working at the Gentry, Plaintiff Jiaobo Li's working schedule was from 5:00pm to 10:00pm for 6 days a week (typically 30 hours per week).

144.    At the Gentry, Plaintiff Jianbo Li was paid at a fixed salary of $3,500/month.

145.    Shortly thereafter in April 2018, Qifan Li requested Plaintiff Jiaobo Li to move from the Gentry to Shanghai Cuisine at 89-91 Bayard Street, New York, NY 10013.

146.    Plaintiff Jiaobo Li worked at Shanghai Cuisine until approximately August 29, 2018.

147.    While working at Shanghai Cuisine, Plaintiff Jiaobo Li's working schedule was from 12:00pm to 10:00pm for 6 days a week with Mondays off (typically 60 hours per week). Plaintiffs Jiaobo Li typically took two meal per working day for only a few minutes. Plaintiff Jiaobo Li was given no other breaks.

148.    At Shanghai Cuisine, Plaintiff Jianbo Li was paid at a fixed salary of $3,500/month in a combination of cash and check.

149.    While working at all locations, Plaintiff Jianbo Li's working hours often fluctuated day by day, but his pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

150.    Regardless which location he worked at, Plaintiff Jianbo Lo was never required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

151.     Regardless which location he worked at, Plaintiff Jiaobo Li was never given any notification, either in the form of posted notices or other means, regarding overtime and wages under the FLSA and NYLL.

152.     Defendants did not provide Plaintiff Jiaobo Li an accurate statement of wages, as required by NYLL 195(3).

153.     Defendants did not give any notice to Plaintiff Jianbo Li, in English and in Mandarin Chinese (Plaintiff Jianbo Li's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

154.     Plaintiff Jiaobo Li's payroll check in the amount of $1,200.00, covering his employment period between July 23, 2018 to August 5, 2018, was bounced and unpaid.

155.     Plaintiff Jiaobo Li was never issued a payroll check of $1,200.00 for his employment period between August 6, 2018 to August 19, 2018.

156.     Plaintiff Jianbo Li has not been paid at all for his employment period between August 20, 2018 to August 29, 2018, estimated to be $1,153.85.

*Defendants' General Employment Practices*

157.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

158.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

159.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all

their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

160.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

161.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

162.    Defendants paid Plaintiffs their wages in a combination of cash or personal checks and checks.

163.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

164.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

165.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

166.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

167.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

168.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

169.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

170.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures,

25

protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

171.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

172.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

173.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

174.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

175.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

176.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

177.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

178.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

179.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

180.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

181.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

182.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

183.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

184.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

185.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

186.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

187.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

188.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

189.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

190.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

191.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

192.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

193.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

194.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

195.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

196.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

197.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish or Mandarin Chinese  (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by  the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of  the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by  the employer; the name of the employer; any "doing business as" names used by the employer; the  physical address of the employer's main office or principal place of business, and a mailing address  if different; and the telephone number of the employer, as required by NYLL §195(1).

198.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs  and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

199.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

200.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate  statement listing each of the following: the dates of work covered by that payment of wages; name  of employee; name of employer; address and phone number of employer; rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross  wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular  hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked;  and the number of overtime hours worked, as required by NYLL 195(3).

201.     Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs  and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

202.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

203.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

204.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully  request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of  notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency  of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in  this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated  rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willlful  as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

31

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        November 15, 2018

                                Law Office of Z. Tan PLLC

                        By:    /s/ Bingchen Li
                               Bingchen Li (BL4750)
                               110 E. 59th Street, Suite 3200
                               New York, NY 10022
                               Tel: (212) 593-6188
                               Fax: (718) 679-9122
                               Email: eric.li@ncny-law.com
                               *Attorneys for Plaintiffs*