USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-9-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOK CHIN ET AL.,

        Plaintiffs,

- against -

UNITED RESTAURANT GROUP, INC. ET AL.,

        Defendants.

18-cv-10734 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiffs, who are former employees of the defendants, bring claims against the defendants alleging various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Two of the defendants – Qifan Li and Qifan, LLC (collectively, the "Qifan defendants") – have moved to dismiss the plaintiffs' first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Qifan defendants argue that neither of them is an "employer" for purposes of the FLSA or the NYLL. The Qifan defendants' motion to dismiss is **denied**.

The plaintiffs have alleged nonconclusory facts sufficient to show that Qifan Li is an employer for purposes of the FLSA and the NYLL under the economic realities test. See Irizarry v. Catsimatidis, 722 F.3d 99, 105 (2d Cir. 2013) (setting out the economic realities test); Ramirez v. Riverbay Corp., 35 F. Supp.

3d 513, 520 (S.D.N.Y. 2014) (same). The plaintiffs allege, among other things, that during the relevant period Qifan Li:

- was the chief operating officer of the defendant group of restaurants that employed the plaintiffs and decided employees' wages and salaries in that capacity, FAC ¶¶ 43-45 & Ex. B at 3;
- provided plaintiff Hao Li with an employment offer letter instructing that Hao Li would report to Qifan Li and that Hao Li should contact Qifan Li with any questions concerning the offer, FAC ¶¶ 77-78; and
- supervised the plaintiffs in their duties, transferred them among restaurants, and determined when the plaintiffs would get breaks, FAC ¶¶ 82, 132, 149, 154, 157.

These allegations indicate that Qifan Li had the power to hire and fire the employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and maintain employment records. See Irizarry, 722 F.3d at 105.

The plaintiffs, aided by the Qifan defendants' own concessions in their moving brief, have also made a sufficient showing that Qifan, LLC is an employer for purposes of the FLSA and the NYLL under the single enterprise theory. See Tecocoatzi-Ortiz v. Just Salad LLC, No. 18cv7342, 2019 WL 1585163, at *4 (S.D.N.Y. Apr. 12, 2019) (explaining the single enterprise theory of employer liability). The plaintiffs allege that Qifan, LLC does business as "Lumos" and "Railway" and is part of a group of related restaurants owned and operated by the same individuals. See generally FAC ¶¶ 28-47 & Ex. B. The plaintiffs

2

also allege that the bar manager of Qifan, LLC oversaw other defendant restaurants' bar programs, that Qifan, LLC and another defendant restaurant often exchanged liquor as needed, and that Qifan Li told one of the plaintiffs that Qifan, LLC was "together with other restaurants." FAC ¶ 81.

Moreover, the plaintiffs provide a shareholder operating agreement between defendant United Restaurant Group, Inc. (the general partner) and Qipai Investment, LLC (the limited partner). This agreement shows that United Restaurant Group, Inc. had acquired several defendant restaurants, including Qifan, LLC, and that the restaurants were under common management. See FAC Ex. B. Finally, the Qifan defendants state in their moving brief that United Restaurant Group, Inc. – of which Qifan, LLC and other defendant restaurants are a part – is a "conglomerate" that controlled the plaintiffs' employment. Br. at 5. The pleadings and record in this case allege interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control among the various defendant entities, including Qifan, LLC. See Brown v. Daikin Am. Inc., 756 F.3d 219, 226 (2d Cir. 2014).

Therefore, the plaintiffs have alleged adequately that the Qifan defendants are both employers for purposes of the FLSA and the NYLL.

## CONCLUSION

For the reasons explained above, the Qifan defendants' motion to dismiss is **denied**. The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to close docket number 82.

**SO ORDERED.**

Dated:     **New York, New York**
              **July 9, 2019**

                                          **John G. Koeltl**
                                    **United States District Judge**