**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x      Civil Action No.: 1:18-cv-10734

HOK CHIN, HAO LI, FILADELFO
HERRERA, AIQING LI, and JIANBO LI,      **MEMORANDUM OF LAW**
*individually and on behalf of others*
*similarly situated,*
                                    *Plaintiffs*,


            -against-


UNITED RESTAURANT GROUP, INC.,
KIN ASIAN BISTRO INC.
            d/b/a CARMA EAST,
BADA GARDEN, LLC
            d/b/a LUMOS WEST
            d/b/a CARMA ASIAN TAPAS
DUMPLING 2 AVENUE, INC.
            d/b/a LUMOS KITCHEN
            d/b/a HOT POT CENTRAL,
QIFAN, LLC
            d/b/a LUMOS
            d/b/a RAILWAY,
DUMPLING 516 HUDSON NY, INC.
            d/b/a BENEDICTS,
R & M CENTURY INC.
            d/b/a SHANGHAI CUISINE,
CHRISTIAN A. VEGA,
CHRISTINA CHERNIAWSKY,
QIFAN LI,
and CHEN WEN HO a/k/a JONATHAN HO,

                                    *Defendants*.

----------------------------------------------------------x


## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>PLAINTIFFS' RULE 56 MOTION FOR SUMMARY JUDGMENT</u>

                        Bingchen Li, Esq. (BL4750)
                        Law Office of Z. Tan PLLC
                        39-07 Prince Street, Suite 3B
                        Flushing, New York 11354
                        Phone: (718) 886-6676
                        Fax:     (718) 679-9122
                        Email: eric.li@ncny-law.com
                        *Attorney for Plaintiffs*

## TABLE OF CONTENTS

**TABLE OF AUTHORITY**.................................................................................. **3**

**PRELIMINARY STATEMENTS** ...................................................... **5**

**PROCEDURAL HISTORY**............................................................... **5**

**STATEMENT OF FACTS**................................................................ **5**

**ARGUMENTS** ............................................................................ **18**

    **1)**   **STANDARD OF REVIEW** ……………………………………**18**

    **2)**   **VIOLATION OF FLSA AND NYLL**…………………………..**19**

    **3)**   **SINGLE INTERATED ENTERPRISE**…………………………**20**

    **4)**   **THE ECONOMIC REALTY TEST**…………..………………………**22**

**CONCLUSION** .............................................................. **...23**

## **<u>TABLE OF AUTHORITIES</u>**

**Case Laws**

Young v. United Parcel Serv., Inc.
575 U.S. 206 (2015) ............................................................................... 18

Balderman v. U.S. Veterans Admin.
870 F.2d 57 (2d Cir. 1989). …………………………………………….....18, 19

Anderson v. Liberty Lobby, Inc.
477 U.S. 242 (1986) …………………………………………………...……19

Yu G. Ke v. Saigon Grill, Inc.
95 F. Supp. 2d 240 (S.D.N.Y. 2008) …………………………………..……..19

*Morales v. Anyelisa Rest. Corp.*
2019 U.S. Dist. LEXIS 126713 (S.D.N.Y. July 30, 2019) ……………..……20, 21

*Arculeo v. On-Site Sales & Mktg., LLC*
425 F.3d 193 (2d Cir. 2005) ………………………………………………20, 21

*Brown v. Daikin Am. Inc.*
756 F.3d 219, 226 (2d Cir. 2014) …………………………………....……...21

Hart v. Rick's Cabaret International, Inc.
967 F.Supp.2d 901 (S.D.N.Y 2013)..……………………………………….23

Lopez v. Acme American Envtl. Co.
2012 WL 6062501 (S.D.N.Y 2012) ...................................................... 23

Herman v. RSR Sec. Services Ltd.
172 F.3d 132 (2d Cir. 1999) …………………………………………….23

Carter v. Dutchess Community College
735 F.2d 8 (2d Cir. 1984)...................................................................... 23

Irizarry v. Catsimatidis
722 F. 3d 99 (2d Cir. 2013) ……………………..………………………....23

**Statutes**

Fed. R. Civ. P. Rule 56 .......................................................................... 18

29 U.S.C. § 207(a)(1) …………………………………………………………20

12 N.Y.C.R.R. § 146 …...…………………………………………………………………..20

29 U.S.C. § 203(d) …………………………………………………………………………22

## PRELIMINARY STATEMENTS

The plaintiffs, HOK CHIN, HAO LI, FILADELFO HERRERA, AIQING LI, and JIANBO LI ("Plaintiffs"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for Summary Judgment against all defendants, jointly and severally, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

We will demonstrate below that Plaintiffs' Summary Judgment Motion is warranted because all corporate defendants operated as a single integrated enterprise and therefore was the employers for Plaintiffs. We will also demonstrate that each individual employer is an employer for the purpose of FLSA and NYLL for Plaintiffs. Accordingly, all defendants are liable to Plaintiffs, jointly and severally, for unpaid wages, overtime, spread of hours, New York WTPA violation of wage notice and wage statements, as well as attorneys' fees and pre-judgment statutory interest.

## PROCEDURAL DISTORY

Plaintiffs commenced this action by way of a Complaint on (*See Complaint, ECF Doc# 1, ("Compl.")*) on November 16, 2018. Defendant responded by filing an Answer and Affirmative Defenses on September 7, 2017. Craig Lee Ulrich, Esq. initially made the appearances on behalf of the defendants, Bada Garden, LLC, Sergei Bezrukov, Christina Cherniawsky, Dumpling 516 Hudson NY Inc., El Sotano of Brooklyn, Corp., Chen Wen Ho a/k/a Jonathan Ho, Kin Asian Bistro Inc., R & M Century Inc., United Restaurant Gourp, Inc., and Christina A. Vegas ("Vega Defendants") (*See Notice of Appearance, ECF Doc# 47*), but later withdrew his appearance for El Sotano of Brooklyn, Corp., Chen Wen Ho a/k/a Jonathan Ho, citing

good faith mistake (*See Motion for Miscellaneous Relief, ECF Doc# 68*). Christopher A. Carrion made the appearance for the defendants, Qifan Li and Qifan LLC ("Qifan Defendants") (*See Notice of Appearance, ECF Doc# 63*). Seth L. Berman made an appearance on behalf of the defendant El Sotano of Brooklyn, Corp. and entered into a stipulation with Plaintiffs to extend its time to respond to the Complaint (*See Notice of Appearance, ECF Doc# 72*).

On January 25, 2019, Vega Defendants moved for A More Definitive Statement (*See Motion to Dismiss, ECF Doc# 69*). At the Pretrial Conference on February 25, 2019, this Court ordered that 1) Plaintiffs voluntarily dismissed the action against El Sotano of Brooklyn, Corp. without prejudice; 2) Vega Defendants' motion for A More Definitive Statement was dismissed without prejudice; 3) Plaintiffs amend its Complaint by March 25, 2019 (*See Order, ECF Doc# 76*). However, Chen Wen Ho a/k/a Jonathan Ho remained unrepresented.

On March 11, 2019, Plaintiffs filed a First Amended Complaint (*See Amended Complaint, ECF Doc# 78*). On April 10, 2019, Qifan Defendants moved for dismissal under Fed. R. Civ. P 12(b) (*See Motion to Dismiss, ECF Docs# 82-83*) and said motion was denied on July 9, 2019 (*See Memorandum & Opinion, ECF Doc# 104*).

On April 10, 2019, Vega Defendants filed an Answer to the Complaint (*See Answer to Amended Complaint, ECF Doc# 84*). On July 8, 2019, Craig Lee Ulrich, Esq. filed a motion to Withdraw as Vega Defendants' attorney (*See Motion to Withdraw as Attorney, ECF Doc# 102*) and the said motion was granted by a court order on July 9, 2019 (*See Order on Motion to Withdraw as Attorney, ECF Doc# 103*). Vega Defendants have been unrepresented since then.

6

On September 26, 2019, Plaintiffs applied for a Certificate of Default against the defendant Chen Wen Ho a/k/a Jonathan Ho (*See Proposed Clerk's Certificate of Default, ECF Docs# 109-110*) and the Court Clerk entered the said Certificate of Default on September 27, 2019 (*See Clerk's Certificate of Default, ECF Doc# 111*).

Plaintiffs served upon each individual defendant in person a Notice of Conference for a scheduled conference on October 3, 2019 and a copy of the Certificate of Default upon the defendant Chen Wen Ho a/k/a Jonathan Ho in person (*See Certificates of Service, ECF Docs# 112-116*), but none of the individual defendant made the appearance.

On November 19, 2019, Plaintiffs voluntarily dismissed the action against the defendant Sergei Bezrukov without prejudice.

Plaintiffs and Qifan Defendants exchanged discovery responses and Plaintiffs deposed Qifan Defendants. We will demonstrate below that the documentary evidence, together with Qifan Defendants' deposition testimony warrant a summary judgment against all defendants, jointly and severally, for unpaid wages, overtime, spread of hours, as well as attorneys' fees.

## **STATEMENT OF FACTS**

Corporate Defendants

At all relevant times, United Restaurant Group Inc. was a restaurant holding company, controlling, managing, and operating no fewer than seven (7) restaurants located in New York City as a restaurant group, including without limitation, R & M Century Inc. d/b/a/ Shanghai Cuisine, Dumpling 516 Hudson NY, Inc. d/b/a/

Benedicts, Kin Asian Bistro Inc. d/b/a/ Carma East, Bada Garden LLC d/b/a/ Carma West d/b/a Lumos West, Dumpling 2 Avenue Inc. d/b/a/ Lumos Kitchen d/b/a Lumos East, Qifan LLC d/b/a/ Lumos d/b/a Railway, and El Sotano of Brooklyn Corp. d/b/a the Gentry. *See Chin Declaration ¶¶ 4, 6, 8, 10, Herrera Declaration ¶¶ 8, 11, & 15, Hao Li Declaration ¶¶ 5-8, 11, 13, 16 & 19, Aiqin Li Declaration ¶ 8, Jianbo Li Declaration ¶¶ 10 & 13, and Attorney Affirmation, Exhibit 4, Qifan Li Deposition Transcript ("Li Dep. Tr."), 11:17-14:9, 12:13-20, 14:4-9, 15:21-24, 30:14-31:15, 92:3-20, 110:7-112:2, 125:20-126:22, 129:11-132:16, Exhibit 18, Email dated June 8, 2018 from Qifan Li, Exhibit 23, Shareholder Agreement, and Exhibit 25, Organization Chart.*

<u>Defendant Christian A. Vega</u>

        At all relevant times, the defendant Christian A. Vega ("Defendant Vega") is the principal and majority shareholder of United Restaurant Group Inc. and United Restaurant Group International Inc., and a de-facto control person for all the restaurants. *See Chin Declaration ¶ 5, 10, 11, Hao Li Declaration ¶¶ 11, 14 & 19, and Li Dep. Tr., 116:5-117:18 and Exhibit 21, Form 8-K.* Defendant Vega had the power to hire and fire employees and did interview and hire employees, including Plaintiff Chin and the operational manager. *See Chin Declaration ¶¶ 5, 11 and Li Dep. Tr., 15:25-16:12.* Defendant Vega had the power to transfer employees from one location to another and did exercise such power to transfer Plaintiff Aiqin Li. *See Chin Declaration ¶ 5 and Li Dep. Tr., 30:5-11.* Defendant Vega had control over the payroll by exercising full control of the bank account and paying employees using his personal check. *See Chin Declaration ¶ 10, Hao Li Declaration ¶ 19, and Li Dep. Tr. 80:25-81:8 and 92:3-20.*

Defendant Vega had operational control over the restaurants and regularly participated partners' meetings and made operational decisions. *See Chin Declaration ¶ 5 and 11 and Hao Li Declaration ¶ 11.*

<u>Defendant Qifan Li</u>

At all relevant times and as early as March 2017, the defendant Qifan Li ("Defendant Li") is the Chief Operating Officer and a shareholder of United Restaurant Group Inc. and United Restaurant Group International Inc., and a de-facto control person for all the restaurants. *See Chin Declaration ¶¶ 2, 4 & 5, 11, Hao Li Declaration ¶¶ 3-4, 9-11, & 14, Jianbo Li Declaration ¶¶ 10 & 13, Li Dep. Tr., 10:9-11:9, 14:12-15, 15:21-24, 130:13-133:13, Li Dep. Tr., Exhibit 7, Email from Qifan Li dated May 1, 2018 and accompanying documents, and Li Dep. Tr. Exhibit 14, Lease Lumos Kitchen, Li Dep. Tr. 97:18-102:9, Li Dep. Tr. 116:5-117:18 and Exhibit 21, Form 8-K, Li Dep. Tr. 123:4-124:15 and Exhibit 22, Subscription Agreement, Li Dep. Tr. 125:20-126:22 and Exhibit 23, Shareholder Agreement, and Li Dep. Tr. 129:11-132:16 and Exhibit 25, Organization Chart.* Defendant Li had the power to hire and fire employees and did interview and hire employees, including Plaintiff Chin, the operational manager, and Plaintiff Hao Li. *See Chin Declaration ¶¶ 4 & 5, 11, Hao Li Declaration ¶¶ 3 & 9, and Li Dep. Tr., 15:25-16:12, 16:22-17:2, and 38:9-39:10.* Defendant Li had control over the payroll by being the signor on the company bank account, deciding or approving employee wages, working with payroll company and bookkeeper, and handing out payroll checks to Plaintiff Aiqin Li. *See Hao Li Declaration ¶ 9 and Li Dep. Tr., 19:4-16, 24:11-25:25, 28:4-12, 33:8-10, 45:23-46:6, and 80:21-81:4.* Defendant Li had full knowledge of

employees' names, job duties, work schedules, rates of pay, frequencies of payroll, etc. *See Li Dep. Tr., 18:11-16, 19:4-16, 23:10-21, 24:11-23, 28:13-29:12, 31:16-25, 32:17-19, 33:11-20, 37:11-23, 38:22-39:2, 48:13-20, 49:22-50:2, and 54:19-55:22.* Defendant Li had the power to transfer employees from one location to another and did exercise such power to transfer Plaintiff Jianbo Li and Plaintiff Aiqin Li *See Chin Declaration ¶ 5, Hao Li Declaration ¶ 9, Jianbo Li Declaration ¶¶ 10 & 13, and Li Dep. Tr. 30:5-11 and 48:21-49:8.* Defendant Li had operational control over the restaurants and regularly participated partners' meetings and made operational decisions. *See Chin Declaration ¶¶ 4 & 5, 11, Hao Li Declaration ¶¶ 3-4 & 9-11, and Li Dep. Tr., 84:5-85:4 and Exhibit 8, Email dated April 30, 2018 from Qifan Li.*

<u>Defendant Chen Wen Ho a/k/a Jonathan Ho</u>

At all relevant times, the defendant Chen Wen Ho a/k/a Jonathan Ho ("Defendant Ho") is a principal and a shareholder of United Restaurant Group Inc. and United Restaurant Group International Inc., and a de-facto control person for all the restaurants. *See Chin Declaration ¶¶ 5, 11 and Herrera Declaration ¶¶ 8, 11 & 15, Hao Li Declaration ¶¶ 11-12 & 14, Aiqin Li Declaration ¶ 7, Li Dep. Tr. 37:4-10, and Li Dep. Tr., 116:5-117:18 and Exhibit 21, Form 8-K.* Defendant Ho had the power to hire and fire employees and did interview and hire employees, including Plaintiff Aiqin Li. *See Chin Declaration ¶¶ 5, 11, Aiqin Li Declaration ¶ 7, and Li Dep. Tr. 16:17-21.* Defendant Ho had the power to transfer employees from one location to another and did exercise such power to transfer Plaintiff Herrera and Aiqin Li. *See Chin Declaration ¶ 5, Herrera Declaration ¶¶ 11 & 15 and Aiqin Li Declaration ¶ 8.* Defendant Ho had

operational control over the restaurants and regularly participated partners' meetings and made operational decisions. *See Chin Declaration ¶¶ 5, 11 and Herrera Declaration ¶¶ 8, 11 & 15 and Hao Li Declaration ¶¶ 11-12.*

Defendant Christina Cherniawsky

At all relevant times, the defendant Christina Cherniawsky ("Defendant Cherniawsky") is in charge of HR and a shareholder of United Restaurant Group Inc. and United Restaurant Group International Inc., and a de-facto control person for all the restaurants. *See Chin Declaration ¶ 4, Hao Li Declaration ¶ 3, and Li Dep. Tr., 18:17-19:8.* Defendant Cherniawsky had the power to hire and fire employees and did interview and hire employees. *See Hao Li Declaration ¶ 3.* At all relevant times, Defendant Cherniawsky had operational control over the restaurants and regularly participated partners' meetings and made operational decisions. *See Hao Li Declaration ¶ 11.*

Plaintiff Hok Chin

Between January 6, 2018  and August 31, 2018, the plaintiff Hok Chin ("Plaintiff Chin") worked at United Restaurant Group, Inc., as a corporate chef. *See Chin Declaration ¶ 2.* Plaintiff Chin was interviewed by Defendant Li and reported to Defendant Li, as the COO, on a daily basis. *See Chin Declaration ¶ 4.* Plaintiff Chin was paid bi-weekly at a rate of $115,000.00/year, initially in Defendant Vega's personal checks and then in checks from United Restaurant Group, Inc. *See Chin Declaration ¶¶ 9-10.* Plaintiff Chin still has not received his wages from August 6 until the end of his employment on August 31, 2018. *See Chin Declaration ¶¶ 15-16.*

11

Plaintiff Filadelfo Herrera

The plaintiff Filadelfo Herrera ("Plaintiff Herrera") worked as a line cook for Defendants from approximately January 20, 2018 until on or about August 15, 2018. *See Herrera Declaration ¶ 2.*

From approximately January 20, 2018 until on or about June 2018, Plaintiff Herrera worked at Benedicts at 516 Hudson Street, New York, NY 10014 six days per week, approximately 3:00pm until on or about 11:00pm (typically 48 hours per week). *See Herrera Declaration ¶¶ 6-7 and Li Dep. Tr. 34:2-4.* At Benedicts, Plaintiff Herrera was always paid a fixed salary of $800/week, first in cash and later on by payroll checks from United Restaurant Group Inc. at 188 Second Avenue, New York, NY 10003, but was never paid overtime wage. *See Herrera Declaration ¶¶ 8 & 23 and Li Dep. Tr. 33:11-20.* Plaintiff Herrera's payroll check dated May 16, 2018 was bounced, but Defendants never reimbursed him his bank fee. *See Herrera Declaration ¶ 9.*

From approximately June 2018 until on or about July 2018, Plaintiff Herrera worked at Shanghai Cuisine at 89-91 Bayard Street, New York, NY 10013 and was paid a fixed salary of $800/week in checks, but was never paid overtime wage. *See Herrera Declaration ¶¶ 10, 12 & 23 and Li Dep. Tr. 34:5-7.* At Shanghai Cuisine, Plaintiff Herrera's work schedule was still from approximately 3:00pm until on or about 11:00pm daily for six days per week (typically 48 hours per week). *See Herrera Declaration ¶ 13.*

From approximately July 2018 until on or about August 15, 2018, I Plaintiff Herrera worked at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003 at a fixed salary of $800/week in checks, but was never paid overtime wage. *See Herrera*

*Declaration ¶¶ 14, 16 & 23 and Li Dep. Tr. 36:19-23.* At Lumos Kitchen, Plaintiff

Herrera's work schedule was still from approximately 3:00pm until on or about 11:00pm

daily for six days per week (typically 48 hours per week). *See Herrera Declaration ¶ 17.*

Plaintiff Herrera's working hours often fluctuated day by day, but his pay

did not vary even when sometimes he was required to stay late or to work a longer shift

than usual. *See Herrera Declaration ¶ 18.* Defendants never required Plaintiff Herrera to

keep track of his time. Nor was Plaintiff Herrera given a Wage Notice, consisting his rate

of pay, regular pay day, or overtime rate of pay, or a Wage Statement, consisting a

computation of his wages, weekly or otherwise. *See Herrera Declaration ¶¶ 19-22.*

Defendants still have not paid Plaintiff Herrera last week's wage. *See*

*Herrera Declaration ¶ 24.*


Plaintiff Hao Li

Between May 2, 2018 and August 20, 2018, Plaintiff Hao Li worked as a

bookkeeper and do-it-all assistant for Defendants and was paid bi-weekly a fixed salary

at a rate of $43,200.00/year in United Restaurant Group company check signed by

Defendant Vega. *See Hao Li Declaration ¶¶ 2 & 18-19.* Plaintiff Hao Li's

responsibilities included many miscellaneous duties for all defendant restaurants. *See Hao*

*Li Declaration ¶¶ 5 & 13.* Occasionally, Plaintiff Hao Li had to replenish cash from my

own pocket to pay COD for the restaurant deliveries. Defendants still owes her $202.97

for unreimbursed COD payments. *See Hao Li Declaration ¶ 14.*

At Defendant restaurants, Plaintiff Hao Li's work schedule was from

approximately 11:30am until 8:00pm, seven days a week (typically 59.5 hours), but she

was required to work at home for at least an additional hour on various miscellaneous restaurant matters. She often got phone calls from the vendors as early as 5am in the morning for deliveries. Therefore, she typically worked for no fewer than sixty-six (66) hours per week, but she was never paid overtime wages. *See Hao Li Declaration ¶¶ 15-17 & 24.*

Defendants never required Plaintiff Hao Li to keep track of her time. Nor was Plaintiff Hao Li given a Wage Notice, consisting her rate of pay, regular pay day, or overtime rate of pay, or a Wage Statement, consisting a computation of her wages, weekly or otherwise. *See Hao Li Declaration ¶¶ 20-23.*

Plaintiff Hao Li's last day of employment was August 20, 2018, but she worked on several more matters after August 20, 2018 for a couple of hours to help the transition. Her last wage payment was for the employment period ending on August 7, 2018 and she has never received her wage for the employment period between August 7, 2018 and August 20, 2018. *See Hao Li Declaration ¶¶ 25-26.*

Plaintiff Aiqin Li

Plaintiff Aiqin Li was employed as a pastry preparer by Defendants from approximately September 30, 2016 until  on or about August 22, 2018. *See Aiqin Li Declaration ¶ 2.*

From approximately September 30, 2016 until on or about April 2018, Plaintiff Aiqin Li worked  at Carma East at 507 E. 6th Street, New York, NY 10009, approximately 11:30am until on or about 7:30pm for 6 days a week with Tuesdays off (typically 48 hours per  week). *See Aiqin Li Declaration ¶¶ 4-5 and Li Dep. Tr. 29:5-12.*

14

At Carma East, Plaintiff Aiqin Li was paid a fixed salary at a rate of $3,500/month, payable semi-monthly, in a combination of cash and checks (roughly $1,000 check and $2,500 cash), but was never paid overtime wages. *See Aiqin Li Declaration ¶¶ 6, 11 & 16 and Li Dep. Tr. 36:24-37:20.*

From approximately April 2018 until on or about August 22, 2018, Plaintiff Aiqin Li worked at Lumos Kitchen at 188 2nd Avenue, New York, NY 10003, approximately 11:30am until on or about 7:30pm 6 days a week with Tuesdays or Wednesdays off (typically 48 hours per week). *See Aiqin Li Declaration ¶¶ 8-9. See Li Dep. Tr. 29:5-12.* At Lumos Kitchen, Plaintiff Aiqin Li was paid a fixed salary at a rate of $1,596/bi-weekly, in a combination of cash and checks (roughly $416.00 check and $1,180.00 cash), but was never paid overtime wages. *See Aiqin Li Declaration ¶¶ 10, 11 & 16.*

Plaintiff Aiqin Li's working hours often fluctuated day by day, but her pay did not vary even when sometimes she was required to stay late or to work a longer shift than usual. *See Aiqin Li Declaration ¶ 11 and Li Dep. Tr. 33:5-7.* During a period in summer 2017, Plaintiff Aiqin Li worked 45 continuous days without a single day off. *See Aiqin Li Declaration ¶ 12.* Defendants never required Plaintiff Aiqin Li to keep track of her time. Nor was Plaintiff Aiqin Li given a Wage Notice, consisting her rate of pay, regular pay day, or overtime rate of pay, or a Wage Statement, consisting a computation of her wages, weekly or otherwise. *See Aiqin Li Declaration ¶¶ 13-15.*

Defendants have not paid Plaintiff Aiqin Li her wages for the last two weeks in the amount of $1,596.00. Also, Defendants have not paid Plaintiff Aiqin Li a

payroll check in the amount of $680.00 for early August 2018. *See Aiqin Li Declaration ¶ 18.*

Plaintiff Jianbo Li

From approximately March 1, 2014 until on or about August 29, 2018, Plaintiff Jianbo Li worked as a cook at Lumos Kitchen, the Gentry, and Shanghai Cuisine. *See Jianbo Li Declaration ¶ 2.*

From approximately March 1, 2014 until on or about March 27, 2018, Plaintiff Jianbo Li worked at Lumos West at 38-40 Carmine Street, New York, NY 10014. His work schedule at Lumos West was as follows (*See Jianbo Li Declaration ¶¶ 4-5 and Li Dep. Tr. 18-20*):

a. For the first couple of months, his work schedule was from 5:00pm-10:00pm for six (6) days per week with Wednesdays off (typically 30 hours per week).

b. After the first couple of months, his work schedule was changed to 2:00pm to 10:00pm on Fridays and Saturdays and 6:00pm to 11:00pm on other working days for a total of six (6) days a week (typically 36 hours per week).

c. After September 30, 2016 when Carma East opened, his work schedule was significantly increased to 11:30am to 11:00pm on Fridays and Saturdays and 11:30am to 10:00pm on other working days for a total of six (6) days a week (typically 65 hours per week) because some of his co-workers were transferred to Carma East.

16

At Lumos West, Plaintiff Jianbo Li received no breaks and only a few minutes meal break every workday, until March 2017 when Defendant Li ordered a one-hour afternoon break on weekdays. *See Jianbo Li Declaration ¶ 6.* During his first year at Lumos West, Plaintiff Jianbo Li was paid a fixed salary at a rate of $3,000/month, payable semi-monthly, in a combination of cash and checks. *See Jianbo Li Declaration ¶ 7.* During his second year at Lumos West, Plaintiff Jianbo Li was paid a fixed salary at a rate of $3,400/month, payable semi-monthly, in a combination of cash and checks. *See Jianbo Li Declaration ¶ 8.* From in or about May 2017, Plaintiff Jianbo Li was paid a fixed salary at a rate of $3,500/month. *See Jianbo Li Declaration ¶ 9.*

On or about March 27, 2018, Plaintiff Jianbo Li worked at Gentry for about 2-3 weeks, from 5:00pm to 10:00pm for 6 days per week, and was paid at a fixed salary at a rate of $3,500 per month. *See Jianbo Li Declaration ¶¶ 10-12.*

From April 2018 until approximately August 29, 2018, Plaintiff Jiaobo Li worked at Shanghai Cuisine at 89-91 Bayard Street, New York, NY 10013 was paid a fixed salary at a rate of $3,500/month in a combination of cash and check. *See Jianbo Li Declaration ¶¶ 13-14 & 16 and Li Dep. Tr. 49:9-17.* At Shanghai Cuisine, Plaintiff Jianbo Li's work schedule was from 12:00pm to 10:00pm for 6 days a week with Mondays off (typically 60 hours per week), with only a few minutes for meals and no other breaks. *See Jianbo Li Declaration ¶ 15.*

Plaintiff Jianbo Li's working hours often fluctuated day by day, but his pay did not vary even when sometimes he was required to stay late or to work a longer shift than usual. *See Jianbo Li Declaration ¶ 17.* Defendants never required Plaintiff Jianbo Li to keep track of his time. Nor was Plaintiff Jianbo Li Li given a Wage Notice, consisting

his rate of pay, regular pay day, or overtime rate of pay, or a Wage Statement, consisting a computation of his wages, weekly or otherwise. *See Jianbo Li Declaration ¶¶ 18-20.* Plaintiff Jianbo Li was never paid overtime wages and was never received spread-of-hour pay for any workdays exceeding ten (10) hours. *See Jianbo Li Declaration ¶ 21.*

Plaintiff Jianbo Li's payroll check, in the amount of $1,200.00, covering his employment period between July 23, 2018 to August 5, 2018, was bounced and remains unpaid. *See Jianbo Li Declaration ¶ 22.* Plaintiff Jianbo Li has never received his payroll check of $1,200.00 for his employment period between August 6, 2018 to August 19, 2018. *See Jianbo Li Declaration ¶ 23.* Plaintiff Jianbo Li has never received any wages for his employment period between August 20, 2018 to August 29, 2018, estimated to be $1,153.85. *See Jianbo Li Declaration ¶ 24.*

## ARGUMENTS

### 1)  STANDARD OF REVIEW

"The court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).* "A party asserting that a fact cannot be disputed must support the assertion by… (B) showing that the materials cited do not establish the presence of a genuine dispute." *Fed. R. Civ. P. 56(c).* Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Young v. United Parcel Serv., Inc., 575 U.S. 206, 216 (2015).* Whether any disputed issue of material fact exists is for the Court to determine. *Balderman v.*

*U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989)*. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for jury to return a verdict for that party; if the evidence is merely colorable or is not significant probative, summary judgment may be granted. *Id., at 249-250*.

2) <u>**VIOLATION OF FLSA AND NYLL**</u>

"In determining whether the plaintiffs received the minimum wage and overtime, we start with the premise that the employer is obligated to maintain records of wages and hours." *Yu G. Ke v. Saigon Grill, Inc.*, 95 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008). "In the absence of documentation, the employee may rely on [her] recollection to meet[her] initial burden, in which case the employer must proffer evidence sufficient to rebut that recollection" *Id*.

In the instant action, after the close of discovery Defendants have failed to provide any records or documentations of wages and hours. Therefore, this Court must rely on Plaintiffs' recollections with respect to their hours worked and wages paid. *Yu G. Ke*, 595 F. Supp. At 254-55. Moreover, as a result of Defendants' failure to provide any wage notice or wage statement, each plaintiff is entitled to $5,000 for Defendants' failure to provide wage notice and $5,000 for Defendants' failure to provide wage statement. *See New York's Wage Theft Prevention Act*.

Plaintiffs, other than Plaintiff Chin, worked in excess of forty (40) hours per week and therefore were entitled to overtime pay no less than one and one-half times the regular rate of pay. *See 29 U.S.C. § 207(a)(1) and 12 N.Y.C.R.R. § 146-1.4*. By Defendants' admission and Plaintiffs' recollections, all plaintiffs were paid a fixed salary, despite of their fluctuating work hours. Therefore, the regular rate of pay shall be calculated by dividing the employee's total weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week. *See 12 N.Y.C.R.R. § 146-3.5*. The damage computation for each plaintiff is provided herein as Exhibit 5.

Accordingly, the total liability including the New York pre-judgment statutory interest computed off the mid-point of the alleged employment amounts to a total of $335,204.62 as of January 31, 2021.

3)      **SINGLE INTEGRATED ENTERPRISE**

There is no dispute each plaintiff worked, as an employee, for one or more corporate defendants/restaurants at some relevant times. Therefore, the vary corporate defendants/restaurants that each plaintiff worked for were his or her employers and hence were liable.

Moreover, the single integrated enterprise rule holds multiple legally distinct entities liable as a single employer when the entities are a single integrated enterprise in the case of "parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management." *Morales v. Anyelisa Rest. Corp.*, 2019 U.S. Dist. LEXIS 126713, at *5 (S.D.N.Y. July 30, 2019) (citing *Arculeo v. On-Site Sales & Mktg., LLC*,

425 F.3d 193, 198 (2d Cir. 2005)). A group of entities qualifies as a single integrated enterprise on four-factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Morales, at \*5 (citing Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014)).

In the instant action, there should be no dispute that all corporate defendants/restaurants were linked by United Restaurant Group, Inc., i.e., employees were paid in United Restaurant Group, Inc.'s check regardless where they worked; all restaurant revenue was collected into a single bank account and then distribute to each restaurant, there existed a common ownership group and management team; there existed a centralized HR responsible for all employment policy and payrolls, etc.

Qifan LLC is also under the umbrella of United Restaurant Group, Inc. *See Li Dep. Tr. Exhibit 23, Shareholder Agreement, and Exhibit 25, Organization Chart.* In the Shareholder Agreement, it was clearly listed as part of the restaurant group and in Qifan LLC is also part of the restaurant group. Indeed, Defendant Li referred to Railways simply as another location in the restaurant group. *See Li Dep. Tr. Exhibit 8, Email from Qifan Li dated April 30, 2018.*

Therefore, all corporate defendants/restaurant constituted a single integrated enterprise under FLSA and NYLL. As a result, they are jointly and severally liable for $335,204.62.

4)      **THE ECONOMIC REALTY TEST**

Under 29 U.S.C. § 203(d), "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. In this Circuit, the "economic reality test" is adopted to determine individual defendant's liability under FLSA. *Hart v. Rick's Cabaret International, Inc., 967 F.Supp.2d 901 (S.D.N.Y. 2013)*, *Lopez v. Acme American Envtl. Co., 2012 WL 6062501 (S.D.N.Y. 2012)*, and *Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999)*.

"It is common ground that courts, in determining whether an employment relationship exists for purpose of the FLSA, must evaluate the 'economic reality' of the relationship." *Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir 1984)*. "[T]he determination of whether an employer-employee relationship exists for purpose of the FLSA [is] grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013)*. "The 'economic reality' test since has been refined and now is understood to include inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter 735 F.2d at 12*.

In the instant action, all individual plaintiffs had power to hire and fire employees. They indeed interviewed and hired Plaintiff Chin, the operational manager, Plaintiff Hao Li, Plaintiff Jianbo Li, and Plaintiff Aiqin Li. All individual plaintiffs are all shareholders of United Restaurant Group, Inc. and

formed a management team, taking distinct roles in the management of the restaurant group. Defendant Vega and Li had control over the bank account and were the signors. Defendants Li was privy to almost all operational details, including employees' names, place of employment, work schedule, pay rate, frequencies of pay, etc. Defendant Li admitted overseeing all restaurants as the Chief Operating Officer. Defendants approved employees' pay for both front of the house and back of the house. Therefore, each individual defendant was indeed an employer to all plaintiffs and therefore liable, jointly and severally, together with all the other corporate defendants.

## CONCLUSION

Accordingly, there is enough admissible evidence in the record to warrant a summary judgment against all defendants. Defendants have not provided any evidence indicating the existence of genuine dispute of material facts.  As a result, this Court should grant Plaintiffs' summary judgment motion in its entirety.

**WHEREFORE**, Plaintiffs respectfully requests that this Court

(1) Grant Plaintiffs' Motion for Summary Judgment against Defendants, UNITED RESTAURANT GROUP, INC., KIN ASIAN BISTRO INC. d/b/a CARMA EAST, BADA GARDEN, LLC d/b/a LUMOS WEST d/b/a CARMA ASIAN TAPAS, DUMPLING 2 AVENUE, INC. d/b/a LUMOS KITCHEN d/b/a HOT POT CENTRAL, QIFAN, LLC d/b/a LUMOS d/b/a RAILWAY, DUMPLING 516 HUDSON NY, INC. d/b/a BENEDICTS, R & M CENTURY INC. d/b/a SHANGHAI CUISINE, CHRISTIAN A. VEGA, CHRISTINA

CHERNIAWSKY, QIFAN LI, CHEN WEN HO a/k/a JONATHAN HO,

jointly and severally; for $335,204.62.

(2) Allow Plaintiffs' attorney to submit a fee motion; and

(3) Grant whatever other and further relief this Court deems just, proper and

equitable.

Dated: Nassau, New York
        January 31, 2021

Law Office of Z. Tan PLLC

By: /s/Bingchen Li
    Bingchen Li, Esq. (BL4750)
    39-07 Prince Street, Suite 3B
    Flushing, New York 11354
    Phone: (718) 886-6676
    Fax:    (718) 679-9122
    Email: eric.li@ncny-law.com
    *Attorney for Plaintiffs*