```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

HOK CHIN, ET AL.,                           18-cv-10734 (JGK)

                Plaintiffs,     MEMORANDUM OPINION
                                AND ORDER

  - against -

UNITED RESTAURANT GROUP, INC., ET
AL.,

                Defendants.

**JOHN G. KOELTL, District Judge:**

The plaintiffs request a money judgment against the "Default Defendants"-the defendants in this action against whom summary judgment was entered in the Court's July 20, 2021 Memorandum Opinion and Order (namely, all the defendants in this action except Qifan Li and Qifan, LLC (the "Qifan Defendants")). ECF No. 150.

Federal Rule of Civil Procedure 54(b) provides: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." One requirement for a proper entry of partial final judgment is that "at least one claim, or the rights and liabilities of at least one party, must be finally decided." Info. Resources, Inc. v. Dun and Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002). That requirement is not satisfied here. Because the

remaining claims against the Qifan Defendants are proceeding to trial, the Court's July 20, 2021 Memorandum Opinion and Order may still be modified in light of the disposition of those claims. See, e.g., Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr., 652 F.3d 277, 288-89 (2d Cir. 2011) (citation omitted) (noting that prior orders may be modified if there is an intervening change in controlling law, new evidence becomes available, or if there is a need to correct a clear error or prevent a manifest injustice); Ng v. HSBC Mortg. Corp., No. 07-CV-5434, 2014 WL 4699648, at *2-3, *2 n.2 (E.D.N.Y. Sept. 22, 2014) (modifying partial summary judgment order in light of facts that came to the court's attention in the parties' proposed joint pre-trial order). In particular, the amounts due to the individual plaintiffs are subject to modification depending on the evidence adduced at the trial of the remaining defendants.

Accordingly, there is no compelling reason for the Court to enter a partial final judgment at this time. The plaintiffs' request is **denied**. The Clerk is directed to close Docket No. 156.

SO ORDERED.

Dated:   New York, New York
         August 9, 2021

/s/ John G. Koeltl
John G. Koeltl
United States District Judge