UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOK CHIN, *et al*,                                          :
                                                            :
                              Plaintiffs,                   :
                                                            :
               - against -                                  :
                                                            :
UNITED RESTAURANT GROUP, INC., *et al*,:
                                                            :
                              Defendants.                   :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/9/2022__

**ORDER**

18-CV-10734 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiffs and the remaining defendants Qifan, LLC and Qifan Li ("Qifan Defendants") in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 163), and they have submitted a joint letter (Dkt. No. 179) and a fully executed settlement agreement (Dkt. No. 179-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given the Qifan Defendants' apparent financial situation as a result of the COVID-19 pandemic, as reflected in the payment schedule agreed to by the parties as part of their settlement, the "potential difficulty in collecting damages militates in favor of

1

finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Having carefully reviewed the joint letter as well as the proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount, as provided for in the parties' joint letter) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]

Accordingly, the proposed settlement between Plaintiffs and the Qifan Defendants is hereby approved.

Now that the claims against the Qifan Defendants have been settled, Plaintiffs are directed to submit a proposed judgment against the "Default Defendants" to Judge Koeltl consistent with his Memorandum Opinion and Order

---

[1] The Court's approval of the allocation of attorneys' fees as set forth in the joint letter submitted by counsel should not be construed as an approval of the hourly rate of plaintiffs' counsel.   For the future, it would be preferable for the attorneys' fees to be provided for explicitly in the settlement agreement itself.

dated July 20, 2021 (Dkt. No. 150) no later than **August 19, 2022**.[2]

       **SO ORDERED.**

Dated: August 9, 2022
     New York, New York

                       JAMES L. COTT
                       United States Magistrate Judge

---

[2] By Memorandum Opinion and Order dated August 9, 2021 (Dkt. No. 157), Judge Koeltl denied Plaintiffs' application to enter a partial final judgment against the Defaulting Defendants because the case with respect to the Qifan Defendants had not yet been resolved.  As that is no longer the case, the application may be renewed and should be directed to Judge Koeltl as the Defaulting Defendants never consented to my jurisdiction over the claims against them (as Plaintiffs and the Qifan Defendants did), and thus I have no authority to enter judgment as to these Defendants.